NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHIO LUEN CHAN, | : | |
| | | Civil Action No. 03-3615 (SRC) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| RONALD J. BONFORTE, | : | |
| Warden, et al., | | |
| Respondents. | : | |

**APPEARANCES:**

Chio Luen Chan, Petitioner <u>pro se</u>
#A90256035
3218638
Monmouth County Correctional Institution
One Waterworks Road
Freehold, NJ 07728

**CHESLER**, District Judge

Petitioner Chio Luen Chan, an alien confined at Monmouth County Correctional Institution while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are Warden Ronald J. Bonforte,

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Andrea J. Quarantillo of the Immigration and Naturalization Service,[2] and former U.S. Attorney General John Ashcroft.

## I.   BACKGROUND

This is the second of two habeas petitions filed in this Court by Petitioner Chan.  See Chan v. Zemski, 02-cv-805 (JHR).

Petitioner, a native and citizen of the Peoples Republic of China, was accorded the status of lawful permanent resident on August 9, 1989.  In 1997, pursuant to a guilty plea, Petitioner was convicted of hostage taking, in violation of 18 U.S.C. § 1203(a), and using and carrying a firearm in relation to a violent crime, in violation of 18 U.S.C. § 924(c), in the United States District Court for the Southern District of New York. Following a collateral challenge to his sentence, Petitioner was resentenced to a term of imprisonment of 87 months.  See United States v. Chan, 66 F.Supp.2d 490 (S.D.N.Y. 1999).

While Petitioner was incarcerated, the INS issued a Notice to Appear in Removal Proceedings.  On June 24, 1998, the

---

[2]The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security.  As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security.  The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement.  Pursuant to Fed.R.Civ.P. 25(d)(1), the successors to the federal officers named as respondents in this action are automatically substituted as parties to this action.

Immigration Judge ordered Petitioner removed from the United States to the Peoples Republic of China.  In an Order dated January 20, 1999, the Board of Immigration Appeals affirmed the Immigration Judge's decision.

On February 25, 2002, this Court received Petitioner's first Petition pursuant to § 2241, challenging his Order of Removal on the merits and requesting that his removal be stayed.  [Civil Action No. 02-cv-0805, Docket Entry No. 1.]  Petitioner was released from the custody of the Bureau of Prisons and transferred to INS custody on April 19, 2002, at which time he was confined at Monmouth County Correctional Institution.  On May 17, 2002, in Civil Action No. 02-0805, at the request of Petitioner, Judge Stephen M. Orlofsky of this Court entered an Order staying the removal of Petitioner pending the resolution of this habeas action.  [Civil Action No. 02-cv-0805, Docket Entry No. 6.]  Judge Orlofsly's Opinion and Order denying the Petition in Civil Action No. 02-805 were entered on July 28, 2003.  [Civil Action No. 02-cv-0805, Docket Entry Nos. 16, 17.]

Two days later, On July 30, 2003, this Court received Petitioner's second Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, at issue here, in which Petitioner challenges his indefinite detention in lieu of removal. Petitioner alleges that he has been detained more than six months

under the Order of Removal, and that he must therefore be
released.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in
relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).  Nevertheless, a federal district court can
dismiss a habeas corpus petition if it appears from the face of
the petition that the petitioner is not entitled to relief.  See
Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).
See also 28 U.S.C. §§ 2243, 2255.

4

III.   <u>ANALYSIS</u>

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); <u>Clark v. Martinez</u>, 125 S.Ct. 716 (2005).

In addition § 1231(a)(1)(C) provides the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, before the INS even took custody of Petitioner, he sought a stay of the removal order, and the Court entered a stay shortly thereafter.  That stay terminated, and the 90-day removal period began, with the conclusion of Civil Action No. 02-0805, only two days before this Court received this Petition.  Thus, the presumptively-reasonable six-month period had not elapsed prior to entry of the stay and related suspension of the removal period, nor had it elapsed prior to the filing of this Petition. Moreover, Petitioner has suggested no reason why his removal to the Peoples Republic of China is not reasonably foreseeable. Accordingly, Petitioner's post-removal-order detention complies with due process requirements.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner's bringing a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant.  An appropriate order follows.

_____
s/
Stanley R. Chesler
United States District Judge

Dated: July 8, 2005

6